UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MICHAEL L. EVANS,

                          Plaintiff,

  v.                                                   Case No. 18-cv-215-pp

J. LUTSEY,
R. LARSON, and
J. LABELLE,

                          Defendants.

_____

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING THE COMPLAINT (DKT. NO. 1) AND DISMISSING THE CASE**

_____

      The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial

1

filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On February 9, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $11.46. Dkt. No. 5. The court received that fee from the plaintiff on February 13, 2018. Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee, and will order him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.  Screening the Plaintiff's Complaint

### A.  *Federal Screening Standard*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  *The Plaintiff's Allegations*

The plaintiff alleges that he has degenerative disc disease. Dkt. No. 1 at 4. According to the plaintiff, in March 2017, a doctor issued him a back brace to help with sleeping, sitting and walking. Id. The plaintiff explains that his condition causes him "great pain." Id.

The plaintiff indicates that in November 2017, he submitted a request to the Health Services Unit, asking for a replacement back brace because his other back brace had broken while he was at the Wisconsin Resource Center (WRC). Id. at 2. According to the plaintiff, defendant Nurse Larson told him that he had to pay a $7.50 copay if he wanted a new back brace. Id. The plaintiff asserts that he told Larson that WRC staff had kept his old back brace because it was broken. Id. He says that he asked Larson to call the WRC health unit to confirm that they had the back brace, but that she allegedly refused. Id.

The plaintiff asserts that Larson again told him that he needed to pay the $7.50 copay if he wanted a new back-brace. Id.

The plaintiff did not pay the copay; instead, he "chose" to file an inmate complaint. Id. The plaintiff alleges that he provided documentation to the complaint examiner from WRC "about the new order for a back brace, due to the old back brace [being] damaged." Id. at 3. According to the plaintiff, defendant Health Services Unit Manager Lutsey told defendant complaint examiner Labelle that HSU would replace normal wear and tear, but that an inmate must pay a copay for lost or stolen items. Id. The plaintiff also alleges that Lutsey "lied" and said that the plaintiff had told Larson that the back brace was at WRC and that there wasn't any documentation about the back brace except for the order to wear one. Id. The plaintiff asserts that, because of these "lies," LaBelle dismissed his complaint. Id.

The plaintiff explains that he appealed LaBelle's decision, and that on January 22, 2018, the corrections complaint examiner (CCE) (who is not a defendant) affirmed his complaint. Id. According to the plaintiff, the CCE confirmed with a WRC nurse that it is the WRC's practice to take a damaged back brace upon ordering a new one. Id. at 3-4. The CCE then found that the plaintiff should be given a new back brace at no cost. Id. at 4. The plaintiff states that, as of the day he prepared his complaint (which was a little more than a week after the CCE affirmed his complaint), he still had not received the back brace. Id.

C. *The Court's Analysis*

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). This standard contains both an objective element (that the medical needs be sufficiently serious) and a subjective element (that the officials act with a sufficiently culpable state of mind). Id.

The plaintiff's allegations that his back condition caused him significant pain satisfy the *objective* element of the deliberate indifference standard—that his medical needs were sufficiently serious. The plaintiff's allegations do not, however, satisfy the *subjective* element of the deliberate indifference standard—that the defendants' actions showed that they were deliberately indifferent to his medical needs.

At the core of the plaintiff's claim is his assertion that, under Department of Corrections (DOC) policy, the defendants should not have charged him a $7.50 copay for a replacement back brace. He is right—the CCE ordered that under DOC policy the plaintiff should not be required to pay a copay. While the defendants' decision to charge a copay may have violated DOC policy, however, the Constitution does not require compliance with state laws or policies. See Davis-Clair v. Turck, 714 Fed.Appx. 605, 606 (7th Cir. 2018) (citing Snowden v. Hughes, 321 U.S. 1, 11 (1944); Whitman v. Nesic, 368 F.3d 931, 935 n.1 (7th Cir. 2004)). In order for the plaintiff to state a claim, the alleged violation of a state policy (here, the charging of a copay) must violate the Constitution.

5

The Seventh Circuit has explained that, "The Eighth Amendment does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care." Poole v. Isaacs, 703 F.3d 1024, 1026 (7th Cir. 2012). An inmate who "opt[s] to refuse treatment rather than part with his money" cannot prevail on an Eighth Amendment claim, because "[e]ven though he was in pain until he received treatment, the delay in receiving care was of his own making." Id. at 1027.

The plaintiff does not allege that he couldn't pay the $7.50 copay in order to receive the back brace. To the contrary, he alleges that rather than pay the copay, he "chose" to file an inmate complaint. A review of the plaintiff's trust account statement (filed in connection with his request for a waiver of the filing fee) shows that he appears to have had the means to pay the copay. The plaintiff could have paid the copay, received the back brace and *then* filed an inmate complaint seeking reimbursement of the copay. He chose a different route, and although it ultimately resulted in a decision in his favor, it also delayed his receipt of a new back brace. That delay was of the plaintiff's own making. Neither the fact that the staff erroneously told him he had to pay a copay, nor the fact that his decision not to pay delayed his receipt of a new brace, can form the basis of an Eighth Amendment deliberate indifference claim against the defendants.

The plaintiff also alleges that, as of the date he prepared his complaint (February 3, 2018), he still had not received the back brace. The court notes that only nine business days had passed between the date the CCE entered her

6

decision affirming the plaintiff's inmate complaint and the date the plaintiff signed his federal complaint. The plaintiff has not alleged facts from which the court can reasonably infer that this delay is the result of some unidentified person's misconduct. The only reasonable inference for the court to draw, based on the allegations before it, is that this relatively minor delay is the result of the natural lag time that results from the process of ordering a new back brace. The plaintiff's complaint fails to state a claim.

## II. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

The clerk will enter judgment accordingly, and will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $338.54 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and

determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 9th day of May, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**